# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7228 | **DATE** | 4/2/2001 |
| **CASE TITLE** | INDELFE ROMAN vs. FIRST FRANKLIN FINANCIAL, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Indelfe Roman's motion for class certification [2-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 03 2001 date docketed | 28 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 4/2/2001 date mailed notice | |
| SB | courtroom deputy's initials | jad mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INDELFE ROMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 7228 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| FIRST FRANKLIN FINANCIAL CORPORATION; OPTION ONE MORTGAGE CORPORATION; and EQUICREDIT CORPORATION OF ILLINOIS, | ) ) ) ) | **DOCKETED** MAR 0 3 2001 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Indelfe Roman ("Roman") sues First Franklin Financial Corporation ("First Franklin") for failure to disclose an alleged personal property security interest taken by means of a mortgage, in violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (TILA), and its implementing Regulation Z, 12 C.F.R. 226.1.[1] Roman moves for class certification, pursuant to Fed.R.Civ.P. 23.

## BACKGROUND

I.  **Allegations in the complaint**

Roman resides in and owns a two-flat building in Chicago. First Franklin is a Delaware corporation with its principle place of business in San Jose, California. The corporation has several offices in Illinois. First Franklin provides mortgage brokers with various products and services, but focuses on its "proprietary risk-based direct access loan programs." Cmplt. at ¶ 8.

---

[1]Defendants Equicredit Corporation of Illinois ("Equicredit") and Option One Mortgage Corporation ("Option One") were dismissed from this action.

On November 24, 1999, Roman obtained a $70,000 mortgage loan from First Franklin for the purpose of refinancing his building. In connection with the loan, Roman signed a note, a mortgage, a 1-4 family rider and assignment of rents ("the rider"), a TILA statement, and a HUD-1 settlement statement. Roman alleges the TILA disclosure statement (1) misrepresented that the only security interest taken was in real property and (2) failed to disclose that the lender had taken a security interest in certain personal property by means of the rider.

## II.     Class definition

Roman seeks to represent a class of all persons who satisfy the following requirements: (1) they obtained a residential mortgage secured by real estate that held two dwellings; (2) their family members or themselves resided in one or more of the dwellings; (3) their transaction was documented as being subject to the TILA; (4) their note and mortgage were originated by or assigned to First Franklin; (5) their mortgage included the rider, which created a security interest in personal property at the mortgaged premises; (6) their TILA statement does not disclose the security interest in personal property created by the rider; and (7) their mortgage is dated on or after one year prior to the filing of this action.[2]

## DISCUSSION

## I.     Class certification standard

Courts have broad discretion in determining whether class certification is appropriate. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998). In assessing a certification motion, the court does not consider the merits of the case. *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 525 (N.D. Ill.

---

[2]Because Option One and Equicredit were dismissed from this action, Roman's motion is moot to the extent it requests certification of a B and C class.

2

1998). However, "the boundary between a class determination and the merits may not always be easily discernible." *Retired Chicago Police Association v. City of Chicago*, 7 F.3d 584, 599 (7th Cir. 1993) (internal citations omitted). The importance of class certification is heightened in TILA cases, "where the small amounts of money involved and the difficult financial situations of many of the litigants may inhibit individualized litigation." *Williams v. Chartwell Financial Services, Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000).

In order to establish that class certification is justified, a plaintiff must satisfy the four requirements of Fed.R.Civ.P. 23(a). These requirements include: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). In addition, the plaintiff must meet one of the requirements of Fed.R.Civ.P. 23(b). As applied to this case, Rule 23(b) requires that common questions of law and fact predominate over questions involving individual members, and that a class action is superior to other forms of adjudication. Fed.R.Civ.P. 23(b)(3).

## II.     Rule 23(a)

Roman contends the requirement of numerosity is satisfied for the following reasons: (1) he is claiming a common TILA violation; (2) First Franklin has a large number of loans, many of which are secured by real estate containing at least two dwellings; and (3) a mortgage company of First Franklin's size is going to have more than 20-40 loans with the violation Roman alleges. Roman does not purport to know the number of putative class members.

3

The exact number of class members need not be pleaded or proved. *See Gomez v. Comerford,* 833 F.Supp. 702, 706 (N.D. Ill. 1993). However, the impracticability of joinder must be positively shown and not merely speculative. *Kohn v. Mucia,* 776 F.Supp. 348, 352 (N.D. Ill. 1991). Roman has relied solely on speculation in an attempt to establish numerosity. Essentially, Roman asserts that because First Franklin is so large, it must have issued many loans secured by real estate containing two dwellings. Roman offers no evidence to substantiate this theory. In fact, he does not even *estimate* how many loans of this type were issued by First Franklin. Moreover, Roman simply speculates that if many of these loans were issued then at least 20-40 must have been deficient in TILA disclosures. Roman has failed to establish that the class is so numerous that joinder is impracticable.[3]

### III.  Rule 23(b)

Even if Roman met all Rule 23(a) requirements, class certification would not necessarily be appropriate. Class certification cannot be granted when questions involving individual class members predominate over common questions of law and fact. *See* Fed.R.Civ.P. 23(b)(3). First Franklin contends individual questions of law predominate because it must be determined whether each class member's loan falls under TILA protection. The TILA is applicable when a loan is primarily used for consumer purposes, but not when the loan is used for business purposes.

Roman's proposed class definition assumes it is easily discernible whether the class members' loans are subject to the TILA. However, according to the Federal Reserve Board's official state commentary to regulation Z, merely providing TILA disclosures is not determinative of whether the loan was used for business or consumer purposes. Instead, the commentary sets out five factors that

---

[3]The court need not reach Rule 23(a)'s requirements of typicality, commonality, and adequate representation.

4

should be considered in making this determination. The factors include: (1) The relationship of the borrower's primary occupation to the acquisition; the more closely related, the more likely it is to be business purpose; (2) the degree to which the borrower will personally manage the acquisition; the more personal involvement there is, the more likely it is to be business purpose; (3) the ratio of income from the acquisition to the total income of the borrower; the higher the ratio, the more likely it is to be business purpose; (4) the size of the transaction; the larger the transaction, the more likely it is to be business purpose; and (5) the borrower's statement of purpose for the loan.  *See* Commentary § 226.3(a)-4.  First Franklin asserts that applying these five factors to each possible member of the putative class requires highly fact intensive inquiries and that class certification would result in an undetermined number of mini-trials.[4] As this court has previously held, "Where liability determinations are both individual and fact-intensive," class certification under Rule 23(b)(3) is improper." *McGarvey v. Citibank (South Dakota) N.A.*, No. 95 C 123, 1995 WL 404866, at *6 (N.D. Ill. July 5, 1995).

## CONCLUSION

Indelfe Roman's motion for class certification is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

April 2, 2001

---

[4]Roman's contention that examining First Franklin's records will answer the question of whether the loans were for business or consumer purposes is questionable. He offers no basis for his assumptions that each loan file "will probably have a borrower's affidavit" and that the lender will have documents showing the purpose of each loan.

5